UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MILES ORLANDO LEE,

      Movant,

v.

      File No. 5:06-CV-86

      HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.
      _____/

**ORDER TO SHOW CAUSE WHY**
**§ 2255 MOTION SHOULD NOT BE SUMMARILY DISMISSED**

      This matter comes before the Court on Movant Miles Orlando Lee's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

      On December 19, 2002, in accordance with a plea agreement, Movant pleaded guilty before the Magistrate Judge to one count of bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a). *United States v. Lee*, Case No. 1:02-cv-234 (W.D. Mich). The Magistrate Judge recommended that the plea be accepted and, on March 12, 2003, the Court accepted the plea and sentenced Movant to 63 months' imprisonment. An amended judgment was filed on March 14, 2003. Movant did not appeal his conviction or sentence. On March 9, 2004, Movant filed a § 2255 motion to vacate his sentence, which he voluntarily

withdrew on April 12, 2004. *Lee v. United States*, No. 1:04-cv-153 (W.D. Mich.). Movant filed the instant § 2255 motion to vacate his sentence on April 24, 2006.[1]

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if it plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal.

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period. 28 U.S.C. § 2255 ¶ 6. The limitation period runs from the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255 ¶ 6.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on April 24, 2006, and it was received by the Court on May 30, 2006. Thus, it must have been handed to prison officials for mailing at some time between April 24 and May 30, 2006. For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. *Wiegand v. United States*, 380 F.3d 890, 891 (6th Cir. 2004). When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 U.S. 424, 428 (6th Cir. 2004); *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). The amended judgment was entered in this case on March 14, 2003. The judgment became final on March 28, 2003, upon the expiration of the ten-day period for filing a notice of appeal. Movant had one year, until March 29, 2004, in which to timely file a motion under § 2255. The instant motion was filed on or about April 24, 2006, more than two years after the statute of limitations expired. Accordingly, Movant's action appears to be time-barred and subject to summary dismissal.

The Court observes, however, that the one-year limitations period is not jurisdictional and is subject to the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The Sixth Circuit has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before his petition is dismissed on statute of limitations grounds. *See*

*Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002). Other courts of appeals that have considered the issue also generally agree that sua sponte dismissal of a habeas corpus petition on statute of limitations grounds is improper unless the petitioner is afforded prior notice and an opportunity to be heard on the issue. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001); *Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir. 2000). Accordingly,

**IT IS HEREBY ORDERED** that this order shall serve as notice that the Court will dismiss Movant's § 2255 motion as time-barred unless Movant shows that the motion is timely or that he is entitled to equitable tolling.

**IT IS FURTHER ORDERED** that Movant is given 14 days from the date of this order to **SHOW CAUSE** why his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence should not be summarily dismissed as time-barred.

Date:   June 13, 2006            /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT JUDGE