UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILES ORLANDO LEE,

        Movant,

                                        File No. 5:06-CV-86

v.

                                        HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
                                  /

## **O P I N I O N**

This matter comes before the Court on Movant Miles Orlando Lee's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on March 14, 2003.

### I.

On December 19, 2002, in accordance with a plea agreement, Movant pleaded guilty to one count of bank robbery by force or violence, in violation of 18 U.S.C. §§ 2113(a). *United States v. Lee*, Case No. 1:02-CR-234 (W.D. Mich). The Magistrate Judge recommended that the plea be accepted and, on March 12, 2003, the Court accepted the plea and sentenced Movant to 63 months' imprisonment. An amended judgment was filed on March 14, 2003. Movant did not appeal his conviction or sentence. On March 9, 2004, Movant filed a § 2255 motion to vacate his sentence, which he voluntarily withdrew on April

12, 2004. *Lee v. United States*, No. 1:04-cv-153 (W.D. Mich.). Movant filed the instant § 2255 motion to vacate his sentence on April 24, 2006.[1]

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if it plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal. *Id.* On June 13, 2006, in accordance with Rule 4(b) and *Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002), this Court issued an order (Docket #3), directing Movant to show cause within fourteen days why his motion should not be summarily dismissed as time-barred. Movant now has filed a letter response (Docket #4), which fails to address the question presented in the order to show cause, but instead complains about his conditions of confinement.[2] He summarily requests that the instant

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on April 24, 2006, and it was received by the Court on May 30, 2006. Thus, it must have been handed to prison officials for mailing at some time between April 24 and May 30, 2006. For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

[2] Challenges to conditions of confinement rather than to the legality of the confinement itself are not the proper subject of a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. *See, e.g., Sullivan v. United States*, 90 F. App'x 862 (6th Cir. 2004). Instead, such claims should be brought as civil rights claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, (1971). *Id.* To the extent Movant wishes to challenge the conditions of his confinement, he is free to file a separate *Bivens* action in the appropriate federal venue, once he has exhausted his available administrative remedies, as required by 42 U.S.C. § 1997e(a). *See Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999).

petition be held in abeyance pending this Court's investigation of his complaints. The matter now is before the Court for a determination whether the motion should be summarily dismissed on the grounds of the statute of limitations.

## II.

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period. 28 U.S.C. § 2255 ¶ 6. The limitation period runs from the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255 ¶ 6.

In the instant case, as in most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. *Wiegand v. United States*, 380 F.3d 890, 891 (6th Cir. 2004). When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 U.S. 424, 428 (6th Cir. 2004); *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). Judgment was entered in Movant's

criminal action on March 14, 2003. The judgment became final on March 28, 2003, upon the expiration of the ten-day period for filing a notice of appeal. Movant had one year, until March 29, 2004, in which to timely file a motion under § 2255. The instant motion was filed on or about April 24, 2006, more than two years after the statute of limitations expired. Accordingly, Movant's action appears to be time-barred and subject to summary dismissal.

The one-year limitations period is not jurisdictional and is subject to the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Movant has failed to allege any facts or circumstances that would warrant application of equitable tolling in this case. Although he complains about the sanitary conditions of his cell and the reasons for his placement in administrative segregation, he fails to indicate any

condition that would impair his ability to file a substantive response to the Court's order to show cause. Indeed, he clearly was able to file papers with this Court that detailed his other complaints, but he nevertheless made no attempt to explain the delay in filing his action. Moreover, the fact that Movant is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."). Movant fails entirely to demonstrate that "extraordinary circumstances" prevented him from timely filing his motion. *See Pace*, 125 S. Ct. at 1814 Accordingly, Movant is not entitled to equitable tolling of the statute of limitations.

## III.

The files and records in this case conclusively show that the motion is time-barred and the Movant is entitled to no relief under § 2255. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.

Date:     July 19, 2006                          /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 CHIEF UNITED STATES DISTRICT JUDGE